IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE


**MICHAEL EUGENE DUFF v. STATE OF TENNESSEE**

**Criminal Court for Knox County**
**No. 61563**

---

**No. E2000-03041-CCA-R3-PC**
**November 14, 2002**

---

**ORDER**

The state has filed a Petition to Rehear relative to our opinion's apparent imposition of limitations upon the trial court's reconsideration of the facts upon remand. The state asserts that the trial court should have the ability to determine whether prejudice exists by considering the evidence in toto. The state notes that the trial court has not made any findings regarding prejudice and should not be restricted in its assessment. The petitioner responds that our court's opinion foreclosed any need for the trial court to assess prejudice generally. He states that we have already concluded that prejudice exists if the trial court finds a particular witness to be credible.

We believe that the petitioner's arguments beg the question because they hinge upon the part of our opinion that the state seeks to change. In this respect, given the responsibility of the trial court to make findings of fact and conclusions of law, we conclude that the state raises a valid concern. Therefore, in consideration of the foregoing, it is hereby ORDERED that the judgment and opinion entered on September 11, 2002, are vacated.


PER CURIAM